FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE RODRIGUEZ, individually and as Guardian Ad Litem of J.C., a minor; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> GENERAL DYNAMICS ARMAMENT AND TECHNICAL PRODUCTS, <br><br> Defendant - Appellee. | No. 11-16531 <br><br> D.C. No. 1:08-cv-00189-SOM-KSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 12, 2013
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiffs appeal a jury verdict finding the manufacturer of mortar cartridges

not liable for causing an explosion during a military training exercise in Hawaii.

Plaintiffs are the soldiers and family members of soldiers who were injured or

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

killed in the explosion. We have jurisdiction in this diversity case under 28 U.S.C. § 1291.

Plaintiffs argue that the trial court committed reversible error by admitting the testimony of Army Investigator Philip Leong as lay opinion testimony under Federal Rule of Evidence 701. Because Leong's testimony was expert in nature, and its admission was not harmless, we reverse and remand for a new trial.

We review evidentiary rulings admitting lay opinion testimony for abuse of discretion. *United States v. Mendoza-Paz*, 286 F.3d 1104, 1113 (9th Cir. 2002). We review de novo the "construction or interpretation of . . . the Federal Rules of Evidence, including whether particular evidence falls within the scope of a given rule." *United States v. Durham*, 464 F.3d 976, 981 (9th Cir. 2006).

Here, the district court erred when it allowed Leong to offer specialized and highly technical testimony about the cause of the explosion. *See* Fed. R. Evid. 701(c) (limiting lay opinion testimony to testimony "not based on scientific, technical, or other specialized knowledge within the scope of [Federal Rule of Evidence] 702"). The district court incorrectly determined that "[a]ny witness can talk about his job," when, in fact, "any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702." Fed. R. Evid. 701 advisory

2

committee's note. This is true even when the expertise involved is specialized knowledge gained as part of a witness's job; it is certainly true when the testimony is based upon scientific and technical knowledge. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (distinguishing between job-related testimony that falls within Rule 701 and job-related testimony that could only be admitted under Rule 702).

The admission of Leong's testimony was not harmless error. *See United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007). Despite designating three expert witnesses, General Dynamics called Leong as its *only* witness at trial, and his testimony more likely than not impacted the verdict. Because Leong testified as a lay witness, plaintiffs were not afforded the important protections of Federal Rule of Civil Procedure 26(a)(2). For example, despite issuing a broad subpoena, plaintiffs did not receive all of the photographs, physical evidence, or any of the historical malfunction investigation files that Leong relied on in his testimony. Leong had been designated as a lay witness only. Although plaintiffs could have filed motions to compel production of the materials Leong relied on, they were not on notice that he would be allowed to present expert testimony at trial. They prepared accordingly. Finally, the error in admitting Leong's testimony was not harmless because the district court correctly ruled that Hawaii's strict liability law

3

did not entitle General Dynamics to judgment as a matter of law, and the parties stipulated that General Dynamics was the successor entity responsible for the manufacture of the mortar shell.  *See Jenkins v. Whittaker Corp.*, 785 F.2d 720, 731 (9th Cir. 1986).

**REVERSED AND REMANDED FOR A NEW TRIAL.**



Rodriguez v. General Dynamics Armament and Technical Products, No. 11-16531

GRABER, Circuit Judge, dissenting:

I would affirm the judgment and, therefore, respectfully dissent.

Under United States v. Figueroa-Lopez, 125 F.3d 1241 (9th Cir. 1997), in this civil case we must consider whether the error in admitting expert opinion testimony as lay opinion testimony was harmless. As there, "the testimony in the instant case could have been admitted as expert opinion testimony," id. at 1245, had Philip Leong been duly qualified, as he could have been.

Nor did the absence of the usual procedures under Rule 26(a)(2) prejudice Plaintiffs. Because Leong was an independent, not a retained, expert, Plaintiffs deposed him before trial, and they had the opportunity to subpoena all supporting data underlying Leong's opinion, along with any other potentially relevant information.

In addition, some of the physical evidence supported a two-cartridge explanation for the accident.

In the circumstances, a retrial is no more than a second bite at the same apple. Accordingly, I dissent.